**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Pamela U. FOREE, Respondent.**

**No. 98–SC–873–KB.**

Supreme Court of Kentucky.

Jan. 21, 1999.

---

Bruce K. Davis, Executive Director, Jane Hampton Herrick, Kentucky Bar Association, Frankfort, KY, for Movant.

Pamela U. Foree, Smithfield, KY, for Respondent.

## ORDER ADOPTING RECOMMENDATION OF BOARD OF GOVERNORS

This is an Order adopting the Board of Governors' recommendation, pursuant to SCR 3.370(9), to issue a public reprimand to Respondent, Pamela U. Foree, for unprofessional conduct.

Respondent was retained by Mary Cromer to settle the estate of Virginia M. Howell in the fall of 1993. In late November, after the decedent's house was sold, Respondent borrowed $2,744.25 from Ms. Cromer, receiving a check written on the Estate account. Respondent came to Ms. Cromer's office to discuss her need for money prior to this loan being made. Respondent gave Ms. Cromer a check for repayment of the loan on December 3, 1993, but the check was not honored because of insufficient funds. The loan was repaid on December 8, 1993.

In the winter and spring of 1994, Respondent filed Kentucky inheritance tax returns. Respondent told Ms. Cromer that after all legitimate bills were paid to treat the remainder of the money in the estate as her own.

No activity occurred on the record in the probate case from March 16, 1994 to October 20, 1995, when a notice of failure to file settlement was mailed from the court to Ms. Cromer. Between July 1995 and October 1995, Ms. Cromer left many messages for Respondent, but most of these messages went unanswered.

In the fall of 1995, Respondent wrote to Ms. Cromer indicating that she had lost or thrown out checking information relevant to the completion of the estate. Ms. Cromer found a copy of this information. On November 20, 1995, Ms. Cromer attempted to file a final settlement on her own for the estate based upon representations from Respondent that she could complete the final settlement herself. While Ms. Cromer asked Respondent to go to court with her when she attempted to do this, Respondent indicated that she could not.

On December 19, 1995, Jefferson District Court rejected the proposed final settlement filed by Ms. Cromer in November 1995. After receiving the rejection notice, Ms. Cromer repeatedly attempted to contact Respondent for assistance and advice but was unable to reach her until January 1996. Ms. Cromer filed an explanation as requested by the court in regard to the earlier rejection, but subsequent explanation was additionally rejected on January 23, 1996.

After receiving this rejection notice, Ms. Cromer continued her attempts to contact Respondent. A meeting was set up for January 27, 1996, but Respondent failed to appear. Following the missed meeting, Ms. Cromer attempted on numerous occasions in a short period of time to contact Respondent. Respondent contacted Ms. Cromer and asked her not to contact her anymore at one of the numbers she was using to contact her.

On January 30, 1996, Respondent sent a letter to Ms. Cromer regarding the estate. Based upon this letter, Ms. Cromer again attempted to write another letter of explanation to the court regarding the use of estate funds, which was the issue holding up probate of the estate.

On February 6, 1996, Ms. Cromer terminated Respondent's services and requested a refund of $1,500. In February 1996, other lawyers were obtained to complete the estate. These lawyers were able to close the estate on an informal basis in June 1996, and the final order of settlement was issued on June 23, 1996.

The Board of Governors found Respondent guilty of lack of due diligence and lack of adequate communication with her client in violation of SCR 3.130–1.3, 1.4(a). The Board recommended that Respondent receive a public reprimand for this unprofessional conduct. This Court adopts the recommendation of the Board and orders that:

1. Pursuant to SCR 3.380, Respondent is hereby publicly reprimanded for unprofessional conduct.

2. In accordance with SCR 3.450(1), Respondent is directed to pay the costs of this action in the amount of $1,107.90 for which execution may issue from this Court upon finality of this order.

All concur, except STEPHENS, J., who would impose a thirty-day suspension.

ENTERED: January 21, 1999.

/s/ Joseph E. Lambert
Chief Justice